Brandee J.K. Faria 6970
**THE LAW OFFICES OF BRANDEE J.K.**
**FARIA, LLLC**
Finance Factors Center,
1164 Bishop Street, Suite 933
Honolulu, Hawai'i 96813
Telephone: (808) 523-2300
Facsimile: (808) 697-5304
Email: brandee@farialawfirm.com

Attorney for Plaintiff
DUKE "MANOA" BUCKMAN,
individually and on behalf of all others
similarly situated.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DUKE "MANOA" BUCKMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREENS, CORPORATION; WALGREEN OF HAWAII, LLC; JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | Civil Case No. 1CCV-25-0000044-MWJS-RT<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL; DECLARATION OF BRANDEE J.K. FARIA; EXHIBITS "1"-"11"; SUMMONS** |

## SECOND AMENDED CLASS ACTION COMPLAINT

1.     Plaintiff DUKE "MANOA" BUCKMAN, individually and on behalf

of all others similarly situated (hereafter "Plaintiff" or "Plaintiffs") is a

resident of the City and County of Honolulu, State of Hawai'i.

1

2.      Defendant WALGREENS CO. is an Illinois corporation that regularly advertises and sells consumer goods to Hawai'i consumers and others.

3.      Defendant WALGREEN OF HAWAII, LLC is a Hawai'i limited liability company doing business in selling consumer goods in Hawai'i for WALGREENS CO.  Collectively these defendants are referred to as ("Walgreens" or "Defendant").

4.      Walgreens has been sued repeatedly previously for overcharging their customers.  In the first-class action lawsuit filed in New York on July 1, 2015, by the "bottle bill lawyer" G. Oliver Koppell, Brenda Gardner and Joshua Johnson sued on behalf of "similarly situated New Yorkers who earn a living by collecting and recycling beverage containers in accordance with New York's Returnable Container Act ("the Bottle Bill")". *Exhibit "6".*

5.      According to the first-class action lawsuit,

> They [Walgreens]would say, 'We only do it on Monday, Wednesday, Friday' or 'Our truck isn't here.'"  Johnson, a retired Air Force inventory specialist, and his house-cleaner wife, spend six hours a day, seven days a week filling plastic bags with containers scavenged from hotels and diners. They pull in between $74 and $156 a day.  In his suit, Johnson, 49, says employees at two Duane Reades not only refused his cans, they even scuffled with him two times over the past year. In July, a shift manager at the Duane Reade at 771 Eighth Ave. "verbally abused Mr. Johnson and Mrs. Gardener," then "charged" at Johnson and grabbed his cellphone while the collector tried to film the encounter, according to the suit.  This past May at 200 Water St., a cashier refused to accept empties, told Johnson to return later and then slapped his hand when he again took out his phone, according to court papers.

2

6.     On March 29, 2016, Walgreens quietly settled this first New York class action lawsuit.

7.     In the second class action lawsuit filed on June 7, 2018, Walgreens was sued in a by Heather Gilberto in Portland Oregon District Court, case No. 3:18-cv-01003-AC for virtually identical practices currently transpiring in Hawai'i.  Ms. Gilberto was also charged bottle deposit fees by Walgreens on containers that were not eligible for refunds.  The putative class therein alleged, "Walgreens regularly charged customers a ten-cent deposit on exempt beverages that could not be returned for a refund under Oregon law." *Exhibit "7".*  In its' *Answer*, Defendant Walgreens admitted therein, "that Plaintiff has filed a putative class action based on the allegation that Walgreens charged bottle deposits on beverage containers that were not redeemable under Oregon law." And that it is, "a national retail chain with 76 stores in Oregon and over $100 billion in annual revenue nationwide.". Other than that, Walgreens denied virtually all of the allegations in the Complaint. *Id.*

8.     In that case, on July 31, 2018, Walgreens also filed a *Motion to Dismiss*, making every argument under the sun as to why the putative class must be rejected and their claims dismissed.  Of note and markedly different

3

than in Hawai'i, Oregon requires that alleged Unfair Trade Practices and Acts ("UTPA") violations must be "reckless or knowing" and Walgreens defended their acts therein by proclaiming their ignorance and, at worst, negligence they made this argument despite having been previously sued for the exact same practices in New York.

9.    The Court issued a 37-page decision, carefully analyzing the claims asserted by the Class Action complaint.  In so arguing, Walgreens makes much ado about the charge being a bottle deposit and therefor supposedly exempt from UTPA claims.  The Court disagreed, in part, and found that:

> Walgreen's argument that Gilberto's allegations concern a misrepresentation regarding a separate charge rather than the price of the beverages themselves is unavailing.  Under the facts alleged here, the ten-cent deposit was not independent for the price of the goods, because even if the bottle deposit was imposed erroneously, the beverages could not have been purchased without paying the additional ten cents per beverage charged by Walgreen.
>
> . . .
>
> Walgreen did not disclose that the additional amount charged was not actually refundable, simply retaining the additional monies charged.  Taken as true, these facts sufficiently establish that Walgreens made misrepresentations of fact concerning the cost of the beverages.  The amended complaint thus adequately states a violation of ORS 646.608(1)(s).

10.    The first Oregon court addressing these issues found that the prior lawsuits in Illinois and New York did not apply to violations of Oregon's Bottle Bill.  However, at minimum being sued in Oregon in 2018 definitely

put Walgreens on notice as to these ongoing misrepresentations and they

clearly knew and continued to recklessly charge these fees, nonetheless.

11.    Despite the two prior class action lawsuits, Walgreens continued

wrongfully overcharging its Oregon customers.  As Walgreens concedes on

August 11, 2020, they were sued again facing a second recycling fee class

action lawsuit "Due to a technical issue with Walgreens' newly-installed

point-of-sale system, Plaintiff was charged an 80-cent "recycling fee" [on a

$1.00 single serve product] in connection with the purchase".  *Exhibit "8".*

This resulted in another class action lawsuit being filed against Walgreens,

case No. 3:20-cv-134 for regularly charging customers more than the

advertised price for items that they purchase.

12.    There again Walgreens filed a *Motion to Compel Arbitration and/or*

*dismiss*, and then quickly settled the case before class certification was

sought.  Walgreens revealed its duplicity therein:

> This is not the first Oregon class action where Walgreen used an early
> dispositive motion as a vehicle to comment on the evidence and attack
> a plaintiff's motives. See, e.g., Gilberto v. Walgreen Co., No. 3:18-cv-
> 01003- AC, 2020 US Dist LEXIS 66647 (D. Or. Apr. 15, 2020). In its
> motions to dismiss resulting in the opinion above, Walgreen
> repeatedly commented on the evidence, and accused the plaintiff in
> Gilberto of "acting fast" by "rushing into court with a class action
> lawsuit" to obtain a "multimillion dollar windfall", and forum
> shopping. Doc. 8; Doc. 13. ***Based on the dates in its motion to***
> ***compel in this case, it appears Walgreen began attempting to add***
> ***arbitration provisions and class action waivers to its Balance***
> ***Rewards program while it was litigating the Gilberto case.***

13.     In an article about the 2020 Walgreens Oregon class action, regulatory penalties were imposed: "In Oregon, Walgreens has already come under fire for failing to follow the state's bottle bill rules.  The Oregon Liquor Control Commission, which enforces some aspects of the law, fined the company $80,0000 last year because 25 locations did not operate redemption sites as required by state statute."[1]  *Exhibit "10".*

14.     In April, 2022 the Maine Department of Environmental Protection ("DEP") oversees their Bottle Bill program for Walgreens charging triple the amount of the lawful 5 cent deposit fee, instead overcharging 15 cents for each item.  The explanation that Walgreens provided to the DEP was that "Walgreens had rebooted its system, causing the incorrect fee.  The reboot defaulted back to the old system, which had an error in it, he said." Walgreens acknowledged their wrongdoing and stated, "Walgreens recently became aware of this issue and is actively working to correct bottle deposit fees charged at our Maine store locations.  Store teams are manually adjusting the fees until this is corrected in our system."[2] *Exhibit "11".* When a store manager was asked about this policy in Norway, Maine Sabrina Lawler "said she doesn't know when it started.  It's a companywide issue

that they're working on fixing." *Id.* The article also repeats Walgreens

sordid history with bottle deposit class actions in both Oregon and Michigan.

*Id.*

15.    The DOH agent investigating the case advised Ms. Ruggles-Quinabo,

"Our program just received official notification (dated 8/1/22) from

Walgreens that their Point-of-Sale system was corrected to remove bottle

deposit fees on wine beverages. …. Our program will also conduct follow-

up inspections at various Walgreens stores to ensure continued compliance

over the next few months." *Exhibit "4".*



16.    On or about April 08, 2024, Plaintiff visited the Walgreens located in

Hawai'i Kai, Hawai'i 96825. During this shopping trip, he purchased, inter

alia, a 750ML bottle of Bacardi Superior PET ("hereafter Spirits"). *Exhibit "1"*. He was charged a bottle deposit fee of .05 and a HI beverage fee of .01 **on the Spirits purchased despite being an excluded item from the deposit fee program.**

17.    The Hawaii Beverage Container Bill imposes a 1¢ or 1.5¢ nonrefundable fee and a 5¢ refund value on sales of all beverages excluding milk and dairy-derived products, wine, and spirits. Pursuant to the State of Hawaii's website, only the following items are eligible for return: "Look for the HI-5 mark on beverage containers: soft drinks, soda, juice, tea, coffee drinks, water, beer, malt beverages, mixed spirits and wine coolers in metal, glass or plastic containers up to 68 fluid ounces.". All other beverages and beverage containers are not redeemable for the bottle deposit fee. This would include the Spirits that Plaintiff purchased from Walgreens, but was charged a bottle deposit fee for.



18.    Walgreens' flagrant disregard for the law is evidenced by its' own pricing, with them boldly arbitrarily add on a deposit on wine and spirits when it is against the law.

19.    On June 6, 2022, KITV News ran an on-air and written story regarding Walgreens' improper HI Beverage Fee charges.  Therein, they stated that as part of their investigation that, "We found Walgreens is overcharging customers on more than just wine. After going into the same store, we were also charged two cents for the container fee on a bottle of wine.  The charges come to two cents, instead of the standard one cent, on a recyclable bottle of soda." *Exhibit "3".*

20.    On January 12, 2023, Walgreens was sued by Frankie Ruggles-Quinbano in Honolulu District Court, case ID 1DSC-23-0000023. Walgreens was sued by Ms. Ruggles-Quinbano for these exact same unfair and deceptive trade practices.  As part of the prayer for relief, Ms. Ruggles-Quinbano sought, *inter alia,* "an order enjoining Defendant from continuing the unlawful practices set forth above".

21.    As alleged at paragraph 8 of Ms. Ruggles-Quinbano's Complaint, the State Department of Health ("DOH"), which runs the recycling program, advised her in June, 2022 that:

> Thank you for your email regarding the continued HI Beverage Fee charge on Wine at Walgreens. We are aware that they are still charging this fee to customers across Walgreens stores here in Hawaii. I've tried to work with their corporate personnel to fix the issue, but it is still ongoing. Unfortunately, there's little that can be done at the store level at this time as Walgreens point of sales system (computer sales) is controlled at the corporate level from what I understand.
> Due to the time, it has taken Walgreens to fix the issue. We are pursuing a more formal enforcement action against wall greens in the effort to have them once and for all remove any HI beverage fees online sales. I really wish I had a better answer for you at this time as to why they're still charging fees online, but please no they didn't forget about this issue. The formal enforcement action (Warning Letter first, then Notice of Violation Order incl. fines) does take time, however, and I appreciate your patience with us.
> I am the point person for a program this and will stay on Walgreens until this is resolved.  Thank you again for bringing this issue to our attention. *Exhibit "4".*

22.     On June 19, 2023, KITV investigative journalist wrote *another* article
"Check your receipts: Walgreens again charging deposit on wine bottles."
The article reports that The Office of Solid Waste Management, with the
Department of Health, is in charge of the recycling program and told
KITV4:

> After being alerted last June, DOH issued a letter to Walgreens. By
> August, the problem had been fixed, so the investigation was closed.
> But two weeks ago, we found Walgreens was again improperly
> adding the 5-cent recycling deposit on some bottles of wine.  When
> asked about it, the Honolulu Store Manager said we could come in for
> a refund but didn't explain WHY stores were charging the fee in the
> first place. ... We tried repeatedly to talk with someone from
> Walgreens about why the problem keeps recurring, but local
> employees referred us to corporate offices, where calls and emails
> have gone unanswered. *Exhibit "5".*

23.     These lawsuits show other Plaintiffs representing those in their class,

here in Hawai'i and across the country, who have incurred similar losses by

Walgreens' unlawful trade practices.   The bottle deposit charged by

Walgreens is intended to incentivize the return of eligible beverage

containers for recycling and refund. However, Walgreens has systematically

but randomly charged and collected bottle deposits on beverage containers

that are not eligible for deposit refund under applicable state law.

24.     Plaintiff and other customers have been wrongfully charged bottle

deposits on bottles that do not meet the legal criteria for deposit refunds.

25.     Despite the clear legal requirements, Walgreens has continued this

practice, demonstrating a disregard for customer rights and state regulations.

26.     Walgreens has been involved in at least three prior lawsuits addressing the same wrongful practice of charging deposits on ineligible containers. In these lawsuits, Walgreens was either found liable or settled claims related to similar conduct, indicating its knowledge and acknowledgment of the wrongful nature of its practices.

27.     Walgreens' continued practice of charging bottle deposits on ineligible containers, despite its prior knowledge of the issue and the legal consequences, constitutes a deliberate and knowing misrepresentation of the nature of the deposit fees to its customers.

## CLASS ALLEGATIONS

28.     Plaintiff bring this action on behalf of himself, and all others similarly situated pursuant to Rule 23 of the Hawai'i Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

29.     The proposed Class is defined as:

> Residents of the State of Hawai'i who purchased any beverage at a Walgreens store and were wrongfully charged a Bottle Deposit and/or Beverage Fee on items ineligible for recycling within the applicable statute of limitations thereby incurring injuries and/or damages as a result of Walgreens' unauthorized and illegal charges.

30.     Plaintiff reserves the right to modify or amend the definition of the

proposed Class before the Court determines whether certification is

appropriate.

31.     Excluded from the Class are Walgreens and their parents, subsidiaries,

affiliates, officers and directors, any entity in which Walgreens has a

controlling interest, all customers who make a timely election to be

excluded, governmental entities, and all judges assigned to hear any aspect

of this litigation, as well as their immediate family members.

32.     The members of the Class are so numerous that joinder is impractical.

The Class consist of hundreds, if not thousands, of Walgreens customers, the

identities of who is within the knowledge of and can be ascertained only by

resort to Walgreens' records.

33.     The claims of the representative Plaintiff are typical of the claims of

the Class in that the representative Plaintiff, like all Class members, incurred

losses by Walgreens' intentional and malicious overcharging their

customers' purchases and the fraudulent and deceptive charging of improper

fees associated with the surcharges. The representative Plaintiff, like all

Class members, has been damaged by Walgreens' random and premeditated

fees and surcharges to which they used deceptively as justification to steal

from their customers through the charging of inaccurate fees, to which they

deceptively, fraudulently, and intentionally disguised as something

completely different. Furthermore, the factual basis of Walgreens'

negligence, fraud, and deceptive actions are common to all Class members

and represents a common thread of unfair conduct resulting in injury to all

members of the Class.

34.    There are numerous questions of law and fact common to the Class,

and those common questions predominate over any questions affecting only

individual Class members.

35.    Among the questions of law and fact common to the Class are

whether:

  a.    Walgreens and their agents, have systematically, <u>but randomly</u>
  overcharged customers and/or improper notice;

  b.    Walgreens took additional fees for profits;

  c.    Walgreens and their agents have a disregard for policies,
  procedures, and formalities when dealing with customer fees and
  notices;

  d.    Walgreens was negligent, malicious, and intentional in
  improperly charging their consumers fees, that their customers were
  not obligated to pay, in a way that was entirely misrepresented and
  deceptive in nature;

  e.    Walgreens breached HRS § 480D by falsely misrepresenting
  that a deposit and/or bottle fee were proper on wine and spirits, when
  they are not part of the Hawai'i bottle program;

14

    f.      Walgreens breached HRS § 480, et. seq. by unfairly, deceptively, and fraudulently collecting monies from their consumer by disguising fees to appear as legitimate, when they were illegal;

    g.      Walgreens has been unjustly enriched by deceiving the Class into paying fees and then collecting payment in amounts that they were not entitled to;

    h.      Walgreens failed to manage, instruct, and/or train their agents, employees, staff, and representatives to adhere to standard billing practices rules and regulations to be completely accurate and transparent to their consumers;

    i.      Walgreens failed to manage, instruct, and/or train their agents, employees, staff, and representatives to proper procedures, policies, and formalities concerning improperly charging their customer fees;

    j.      Walgreens failed to provide their employees, staff, agents, and/or representatives with clear, thorough, and detailed policies, procedures, and training with guidance on charging customer fees.

36.    Plaintiff's claims are typical of the claims of other Class members, in that they arise out of the same negligent or intentional practices and, as a result, have accrued further damages arising out of the fraudulent, deceptive, and misrepresentations of wrongful bottle deposit and/or beverage fee charges, which is all part of Walgreens' systematic, but random scheme to take advantage of and steal from their consumers. Plaintiff has suffered the harm alleged and has no interests antagonistic to the interests of any other Class member. Plaintiff, like all Class members wrongfully charged with no legal authority and paid, for the deceptive fees associated with improperly charging these fees.

37.    Plaintiff is committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against retail providers. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

38.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, ($.06/item) and due to the financial resources of Walgreens, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the Class members will continue to suffer losses and Walgreens' conduct will proceed without remedy.

39.    Additionally, it is crucial to note that Walgreens has been put on notice as to the illegality of these charges in at least five prior lawsuits as well as multiple additional regulatory investigations dating back a decade. They know full well as to their wrongdoings but continue to charge the same as they can simply buy off the class representative and move on and continue to illegally charge their customers for fees that they collect but never pay to the regulatory authorities.

16

40.     Even if Class members themselves could afford such individual
litigation, the court system could not. Given the complex legal and factual
issues involved, individualized litigation would significantly increase the
delay and expense to all parties and to the Court. Individualized litigation
would also create the potential for inconsistent or contradictory rulings. By
contrast, a class action presents far fewer management difficulties, allows
claims to be heard which might otherwise go unheard because of the relative
expense of bringing individual lawsuits, and provides the benefits of
adjudication, economies of scale and comprehensive supervision by a single
court.

41.     Walgreens has acted or refused to act on grounds generally applicable
to Plaintiffs and other members of the Class, thereby making appropriate
final injunctive relief or corresponding declaratory relief, as described
below, with respect to the Class as a whole.  Additionally, given the fact that
Walgreens has been previously sued for the exact same wrongful conduct ***on
at least five prior occasions*** mandates that punitive damages be awarded in
the face of this egregious and offensive indifference to their customers.

## COUNT I
## DEFENDANT'S IMPROPER BEVERAGE FEE CHARGES
## CONSTITUTE AN UNFAIR OR
## DECEPTIVE TRADE PRACTICE UNDER HRS CHAPTER 480

42.     Plaintiff repeats and incorporates all of the preceding allegations as if fully set forth herein.

43.     This claim is asserted pursuant to HRS § 480, *et seq.*

44.     Plaintiff is a consumer as defined by HRS § 480-1.

45.     HRS § 480-2(a), declares unlawful "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

46.     The DOH determined that the foregoing acts were improper under the law and commenced a formal investigative and enforcement action against Walgreens in June 2022 and subsequently in 2023.

47.     Defendant violated HRS Chapter 480 and specifically § 480-2(a), by the conduct alleged above including, but not limited to, employing the unfair and deceptive acts and practices set forth herein. Defendant's conduct of misrepresenting, concealing, suppressing, or otherwise omitting its actual practices created a likelihood of confusion or of misunderstanding. Defendant Walgreens' acts set forth above constitute unfair or deceptive acts or practices within the conduct of trade or commerce and pursuant to HRS §480-2 these acts are improper.

18

48.     As a result of Walgreens' unfair and deceptive acts and practices,

Walgreens has caused economic damages to Plaintiff, including attorneys'

fees and costs in association with the deceptive fees associated with

improperly charging their customer fees in amounts to be proven at trial.

49.     Plaintiff and the Class are also entitled to treble damages due to

Walgreens' breach of HRS Chapter 480.


## COUNT II
## NEGLIGENCE, GROSS NEGLIGENCE, AND/OR INTENTIONAL ACTS

50.     Plaintiff re-alleges and incorporates the preceding allegations by

reference as if fully set forth herein.

51.     Plaintiff brings this claim individually and on behalf of the members

of the Class against Defendants.

52.     Walgreens as a retail provider, owed a duty, including a fiduciary

duty, to Plaintiffs to act reasonably, properly, and within the terms of lawful

consumer practices.

53.     Walgreens has clearly breached their duty to Plaintiffs when they

were grossly negligent or intentionally charged and demanded Plaintiffs

overpay expenses for goods improperly and for Bottle Deposit and HI

Beverage Fee on items for which Walgreens was not legally authorized to

charge, or not legally authorized to collect, or not legally entitled to.

54.     Walgreens also breached their duty to Plaintiffs when Walgreens
failed to develop, publish, or enforce proper policies regarding overcharging
and collection procedures, reasonable and ordinary consumer practices.

55.     The acts of Walgreens in the face of their knowledge given the prior
Oregon lawsuits, Hawai'i, DOH investigation and being sued previously
repeatedly for these same acts demonstrates these acts were wanton,
oppressive, intentional, extreme, outrageous, and with such malice as
implies a spirit of mischief or want of care which would raise the
presumption of conscious indifference to civil obligation done with either
gross negligence and/or with extreme indifference to the consequences as to
constitute gross negligence, and/or were done intentionally. Further, all of
which were calculated to gain an unfair advantage over Plaintiffs and to gain
undeserved benefits from them.  Walgreens refuses to comply with the law
after 10 years and multiple lawsuits and regulatory actions.

56.     As a direct and proximate result of Walgreens' wrongful conduct,
Plaintiff, and all members of the class, have suffered emotional and
monetary damages associated with Walgreens' involvement in the
systematically, but random improper surcharges, misleading fee
descriptions, and demands for payments of unauthorized charges, and
therefore Plaintiff Buckman and the Class are entitled to recover special,

general, and/or punitive damages in such amounts as shall be shown at a trial.

## COUNT III
## FRAUD AND MISREPRESENTATION

57.    Plaintiff re-alleges and incorporates the preceding allegations by reference as if fully set forth herein.

58.    Plaintiff Buckman brings this claim individually and on behalf of the members of the Class against Walgreens.

59.    Walgreens made misrepresentations of material fact to Plaintiffs with improper, illegal, or inaccurate charges and descriptions of charges, e.g., charging an improper "Bottle Deposit" and "HI Beverage Fee" on the bottle of Spirits purchased.

60.    Walgreens had actual knowledge, before, during, and after the improper

61.    Walgreens knew or should have known that the charges for certain retail goods were false, but requested these anyway, for the purposes of inducing Plaintiff Buckman to pay them. Plaintiff Buckman in turn, relied on those representations and made the payments demanded.

62.    In Walgreens' scheme, they first wrongfully take possession of their customer's money, creating an unjustified fee issue, with the intention to charge their customers for fees associated with operating expenses of their

business and the charging of associated fees a part Walgreens' plan to steal

from their customers in an attempt to receive some sort of monetary gain.

63.    Walgreens committed fraud when they intentionally disguised fees as

something other than what they were supposed to be and slid beverage fees

in with another appropriate fee in hopes that it goes unnoticed.  Since

Walgreens has been committing this bottle scam for over ten years, across

many states, it's reasonable to believe that their abuses have caused these

fees to go unnoticed, charging hundreds, if not thousands of Hawai'i

consumers these wrongful fees intentionally.

64.    Thus, any and all fees paid to Walgreens that relate to misrepresented

and deceptive fees are all a direct and proximate result of Walgreens' fraud,

negligence, and systematic, but random pattern and practice of deceiving

and stealing from their consumers.

65.    Plaintiff and the Class reasonably and justifiably relied on the

representations that were set forth in Walgreens' receipts and demands,

paying it as a result of Walgreens' misrepresentations and its national brand

recognition.

66.    Walgreens displayed clear and deliberate intent to overcharge their

customer's by charging their customers for fees Walgreens was not entitled

and then leaving their customers no choice other than demanding their

customer's payment of those fees in order to receive the consumer goods

and products.

67.    In doing so, Plaintiff and the Class were deceived into paying

Walgreens and as a result, have been, and continue to be, suffering from

monetary damages. The acts of Walgreens were done negligently and/or

with extreme indifference to the consequences as to constitute gross

negligence, and/or were done intentionally. Further, Walgreens' misconduct

was wanton, oppressive, intentional, extreme, outrageous, and with such

malice as implies a spirit of mischief or want of care which would raise the

presumption of conscious indifference to consumer and civil obligation. All

of which were calculated to gain an unfair advantage over Plaintiff Buckman

and to gain undeserved benefits to his detriment.

68.    Walgreens is liable to Plaintiff Buckman for fraud and

misrepresentation in amounts to be proven at trial.

## COUNT IV
## MISREPRESENTATION

69.    Plaintiff incorporates by reference the allegations contained in

paragraphs above as though fully set forth herein.

70.    Walgreens made false representations to Plaintiff and the class by

charging and collecting bottle deposits on containers not eligible for refund,

thereby misleading customers regarding the nature and legality of the

deposit fees.

71.     Walgreens knew or should have known that its practice was unlawful,

as evidenced by the prior lawsuits and settlements related to similar issues.

72.     As a direct and proximate result of Walgreens' misrepresentation,

Plaintiff and other affected customers have suffered financial harm and have

been unjustly deprived of the benefits they reasonably expected.

73.     Walgreens' conduct was willful, wanton, and demonstrated a

conscious disregard for the rights of its customers, warranting the imposition

of punitive damages to deter similar future conduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs seek judgment in an amount to be determined at

trial, as follows:

(a)     For declaratory and injunctive relief as set forth above;

(b)     For compensatory damages according to proof;

(c)     For punitive damages according to proof;

(d)     For treble damages pursuant to HRS § 480-13;

(e)     For statutory damages pursuant to HRS §480-13 should the matter

proceed as an individual action;

(f)     For an order enjoining Defendant from continuing the unlawful practices set forth above, including attorneys' fees on the value of the injunctive relief;

(g)     For civil penalties of up to $10,000 for each violation pursuant to HRS §480-13-5 should the matter proceed as an individual action:

(h)     For reasonable attorneys'' fees and costs of suit;

(i)     For pre-and post-judgment interest; and

(j)     Awarding such other and further relief as this Court deems just, proper and equitable.


DATED: Honolulu, Hawai'i, April 3, 2025.


*/s/ Brandee J.K. Faria*
BRANDEE J.K. FARIA

Attorney for Plaintiffs
DUKE "MANOA" BUCKMAN,
individually and on behalf of all
others similarly situated.